IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORI SCHWARTZ, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MYLAN, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Lori Schwartz (hereinafter "Plaintiff"), and files this lawsuit against Defendant Mylan, Inc. (hereinafter "Defendant"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Mylan, Inc. is now, and at all times relevant to this action has been, a corporation transacting business within this judicial district, and Plaintiff was employed by Defendant to perform services within this judicial district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Defendant may be served with process by delivering copies of the summons and complaint to Defendant's registered agent.

6.

Plaintiff is a citizen of the United States of America; a resident of the State of Georgia, residing and is subject to the jurisdiction of this Court.

7.

Plaintiff has worked for the Defendant since May 6, 2002; has been on a medical leave of absence from work since April 12, 2010; and has been an Executive Sales Representative within the last three years.

8.

Plaintiff is an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

### IV. Facts

9.

Ms. Schwartz worked a Pharmaceutical Sales Representative ("Rep") with a primary duty to contact physicians and provide them with information about the company's drugs.

10.

Because the Food and Drug Administration ("FDA") prohibits the actual sale of drugs to physicians, Ms. Schwartz's role is limited to encouraging physicians to write prescriptions for the company's products.

11.

As with all of its Reps, the company extensively trained and continues to train Ms. Schwartz in sales techniques and basic pharmacology.

12.

Ms. Schwartz has been instructed to convey messages to physicians through the company's "Challenge, Objective, Results, Conclusion" ("C.O.R.C.") methodology and has been assigned lists of physicians to target. She is given pre-highlighted clinical studies, information brochures, scripts and other materials to help her deliver the company's messages and is instructed on how to use these materials.

13.

Ms. Schwartz cannot deviate from the company's presentation methods or messages without express authorization and can be reprimanded for doing so.

14.

During Plaintiff's employment with the Defendant, Plaintiff has not been paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

15.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek, including through lunches, on weekends and after hours and was not paid the overtime wage differential.

16.

Defendant Mylan, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.  Defendant has discretion to control Plaintiff's payroll and overtime compensation.  Defendant has discretion to control the hiring and firing of Plaintiff.  Defendant has discretion to control Plaintiff's working conditions.  Defendant has discretion to set Plaintiff's wages.  Defendant has discretion to exercise significant control over Plaintiff.

17.

Defendant Mylan, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to FLSA § 4 and FLSA §7, 29 U.S.C. §204 and §207.

## V. <u>Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.</u>

19.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

20.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. <u>Prayer for Relief</u>

25.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 18th day of January, 2011.

          **BARRETT & FARAHANY, LLP**

          /s/ Amanda A. Farahany
          Amanda A. Farahany
          Georgia Bar No. 646135
          Attorney for Lori Schwartz

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile